**In re the Petition for DISCIPLINARY ACTION AGAINST Oliver W. ODDAN, an Attorney at Law of the State of Minnesota.**

**No. CO–90–1179.**

Supreme Court of Minnesota.

Sept. 6, 1991.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition and supplementary petition with this court alleging that the respondent Oliver W. Oddan has committed professional misconduct warranting public discipline. In the petitions, the Director alleges eight separate counts, each of which allege violations of one or more rules of professional conduct.

After the petitions had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew the answers he previously had submitted, and admitted to the following professional misconduct: mishandling several estate matters entrusted to him; misappropriation of client funds relating to the estate matters (although there is some question as to whether such misappropriation was negligent or intentional which apparently cannot be resolved because of respondent's memory loss); failure to maintain proper trust account books and records; unauthorized practice of law in violation of court ordered CLE restricted status; failure to disclose to the Director's Office the misconduct of another suspended attorney; and failure to respond to three of the Director's investigatory letters. In mitigation, however, respondent has been diagnosed as suffering from multiple sclerosis since 1985. Respondent provided medical evidence which establishes that an impairment of one's cognitive abilities is a potential effect of multiple sclerosis. Although no evidentiary proceeding was conducted in which respondent could have demonstrated, by clear and convincing evidence, that his multiple sclerosis was the cause of his admitted misconduct, the parties agree that, at the very least, respondent appears to have suffered some genuine impairment and that his deficits "pose a major impairment" to his functioning as an attorney. Respondent also has cooperated fully with the Director's and the district court's investigations and has made significant restitution to the estates which lost money due to his actions.

In consideration of respondent's admissions and the above noted mitigating factors, respondent and the Director joined in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension with no right to apply for reinstatement for 3 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility, as a condition to any future reinstatement.

The court, having considered all of the facts and circumstances surrounding this matter, the petitions of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent Oliver W. Oddan hereby is indefinitely suspended from the practice of law pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That respondent shall not be eligible to apply for reinstatement for at least 3 years from the date of this order.

3. That, if and when respondent seeks reinstatement, the reinstatement hearing

provided for in Rule 18, Rules on Lawyers Professional Responsibility, is not waived.

4. That any reinstatement of respondent shall be conditioned upon the following:

a. Respondent's payment to the Director of costs in the amount of $750, pursuant to Rule 24, Rules on Lawyers Professional Responsibility;

b. Respondent's successful completion of the Minnesota State Bar Examination, including the professional responsibility portion of that examination;

c. Respondent's satisfaction of the continuing legal education requirements pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility;

d. Respondent's complete restitution to the O'Brien estate and satisfaction of any other obligations which the district court may impose;

e. Respondent's provision of proof, by clear and convincing evidence, that respondent is physically, mentally and psychologically fit to resume the practice of law.